JUNE 2, 1802.

# Wm. Chambers *v.* Adam Winn.

*Upon a writ of error to reverse a judgment of the Lexington District Court.*

Where an obligation is payable in property on demand, and the obligor has a known place of residence at the time the obligation is made, the obligee must, as a general rule, demand the property at the obligor's residence before he can sue. To this rule there are exceptions.

This suit is founded on an obligation for the payment, on demand, of one hundred and twenty dollars in property. And the first error assigned is, the declaration does not state that the property was demanded at the defendant's usual place of residence. It is an established doctrine (unless otherwise specially stipulated)

that whenever payment is to be made in money, it ought to be made or tendered by the debtor to the creditor or his agent, if they can be found in the realm or country where the debt was contracted. One reason for which, among others, must be that money is easily carried from one part of a country to another. But the transportation of almost every other kind of commodity is much more expensive and difficult; so that in general it would be highly inconvenient, both to the debtor and creditor, that the same doctrine should be extended to such contracts, inasmuch as the cost of transportation, to one or both the parties, would in many instances exceed the value of the commodity, and in many instances be otherwise very oppressive to the one or the other of them. Neither can the court find that this doctrine concerning money contracts has been extended by other courts to contracts for commodities, nor that the question has been generally decided on in any way. Therefore, it seems just and proper in this cause, and in the generality of other cases of the kind, that whenever the debtor had a known place of residence within the state when the contract was entered into, that application must there be made for the commodity, and demanded of him, or his agent, if to be found at that place, which is consonant to the decision of the court of appeals for Virginia in the case *Dandridge* against *Harris*, reported 1 Wash. 328. To this general rule, like almost all others, there will be many exceptions, arising from special contract, from the debtor not having a known place of residence in the state at the time of the contract, from afterward changing his place of residence, or from other special circumstances or considerations which will vary the equity of the rule. For example, when a contract is for such commodities as by law are subjected to be inspected at a public warehouse, it may be implied that they are to be received by the purchaser at some warehouse where he usually receives them; or when the contract is for commodities to be consumed by the purchaser in a town, or to be exported from thence as merchandise, it may be implied that they are to be delivered there, if from the general custom of the place it ought to be expected. And it may be necessary to add, that when any of them are relied on in a suit, they ought to be set forth in the declaration, replication, or assignment of breaches.

The other errors assigned in this cause also seem material; which, however, need not be particularized, more especially as errors of the same kind have heretofore been adjudged fatal by

this court. Therefore, it is considered by the court that the judgment aforesaid be reversed and set aside, that the cause be remanded to the court from whence it came, for new proceedings to be had therein, to recommence by amending the declaration, and that the plaintiff recover of the defendant his costs by him in this behalf expended; which is ordered to be certified to the said court.